IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF LATEEF DOTSON *Through DIANE C. DOUGLAS (estate administrator and individually)*, et al. | : MISCELLANEOUS ACTION : : No. 25-14 |
| v. | : : |
| GARY W. GRAY TRUCKING, et al. | : : |

**MEMORANDUM**

**Judge Juan R. Sánchez**　　　　　　　　　　　　　　　　　　　　　　　　**July 21, 2025**

Plaintiffs Diane C. Douglas and Rashar Dixon move to quash a subpoena issued by Defendant Gary W. Gray Trucking, Inc. (GWG Trucking) to the Salem County, New Jersey Prosecutor's Office, primarily on the ground that the information sought is not relevant to the issues in this wrongful death negligence action. Because GWG Trucking has shown the subpoenaed information may be relevant to the issue of damages, and because Plaintiffs have not shown the information is privileged or otherwise protected from disclosure, the motion to quash will be denied.

**BACKGROUND**

GWG Trucking is a defendant in an underlying wrongful death and survival action currently pending in the District of New Jersey. *See Estate of LaTeef J. Dotson v. Gary W. Gray Trucking*, No. 3:24-cv-03996-ZNQ-TJB (D.N.J.). The underlying action arises out of the death of LaTeef Dotson, who was killed in a motor vehicle accident allegedly caused by the negligence of the other driver, whose truck crossed the centerline of the road and crashed head-on into the truck Dotson was driving. Dotson's mother (individually and as administrator of Dotson's estate) and brother (individually) sued the other driver and his employer, GWG Trucking, pursuant to the Delaware wrongful death and survival statutes, asserting claims against GWG Trucking for, inter

alia, negligence, vicarious liability, and negligent hiring. The underlying action is one of three lawsuits Dotson's mother, Diane C. Douglas, has filed regarding the motor vehicle accident in which her son was killed. The other two actions are also pending in the District of New Jersey, and all three actions have been consolidated for discovery purposes.

On February 24, 2025, GWG Trucking issued the subpoena that is the subject of this action to the Salem County, New Jersey Prosecutor's Office. The subpoena seeks production of documents relating to a 2020 criminal case in which Dotson pled guilty to fourth-degree aggravated assault in connection with a domestic violence incident and was sentenced to 18 months of imprisonment. *See* ECF No. 1-4. GWG Trucking already possesses the "criminal complaint, affidavit of probable cause, indictment, and sentencing transcript," which it obtained through public records requests. ECF No. 10-1 at 6. It now seeks production of "[t]he entire Salem County Prosecutor's office file related to [the case], including but not limited to, copies of any transcripts, non-privileged statements and documents." ECF No. 1-3.

On March 14, 2025, Plaintiffs commenced this miscellaneous action by filing a motion to quash the subpoena in this district, where the subpoena directed the Prosecutor's Office to deliver the files. *See* ECF No. 1-3 (directing that the subpoenaed files be produced at defense counsel's offices in Philadelphia); *see also* Fed. R. Civ. P. 45(d)(3)(A) (authorizing "the court for the district where compliance is required" to quash or modify a subpoena). Plaintiffs argue records regarding Dotson's criminal case are not relevant to this action, which concerns Defendants' negligence, and that production of those records would violate Dotson's right to privacy.

Having received no response to the motion to quash more than a month after it was filed, the Court held a telephonic status conference with the parties on May 7, 2025, during which Plaintiffs' counsel acknowledged he had inadvertently neglected to serve GWG Trucking with the

motion. After the call, the Court entered an order setting a briefing schedule for GWG Trucking's response and Plaintiffs' reply. *See* ECF No. 8. GWG Trucking then filed an opposition to the motion to quash. GWG Trucking argues Plaintiffs lack standing to raise a relevance objection to the subpoena, which is directed to the Prosecutor's Office, and that the subpoenaed information is relevant to Plaintiffs' claimed damages in any event. It also disputes Plaintiffs' contention that the subpoena violates Dotson's right to privacy, arguing Dotson lacks a cognizable privacy interest in the prosecutor's file. Plaintiffs did not file a reply.

**DISCUSSION**

Federal Rule of Civil Procedure 45(d)(3) authorizes a district court to quash a or modify a subpoena on various ground, including that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Ordinarily, "a party does not have standing to quash a subpoena served on a third party." *Green v. Cosby*, 216 F. Supp. 3d 560, 563 (E.D. Pa. 2016) (citation omitted). This general rule is subject to an exception where "the party claims some personal right or privilege in respect to the subject matter of the subpoena." *Id.* (citation and internal quotation marks omitted). While "the mere fact that a third-party subpoena seeks information about a party's conduct" is generally insufficient "to give that party a 'personal interest' in the subject matter of the subpoena," *id.* at 564, movants have been found to possess a qualifying personal interest in a variety of circumstances, such as where the third-party subpoena seeks the movant's financial or employment records or records of a criminal investigation of the movant, *see Piazza v. Young*, No. 19-180, 2020 WL 6544979, at *2 (M.D. Pa. Nov. 6, 2020) (collecting cases). The Court therefore assumes Plaintiffs have standing here.

As to the merits of Plaintiffs' request, while third-party subpoenas are governed by Rule 45, they are also subject to the "general rules" regarding the scope of discovery in Rule 26(b)(1). *See Rardon v. Falco Safety Prods., Inc.*, No. 23-1594, 2023 WL 5347298, at *2 (3d Cir. Aug. 21, 2023) (noting "[t]he information sought [by a Rule 45 subpoena] is subject to general rules of discovery including that it must be relevant" (citing Fed. R. Civ. P. 26(b)(1)). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The information "need not be admissible in evidence to be discoverable." *Id.* When a subpoena is challenged, "[t]he subpoenaing party must first show that its requests are relevant to its claims or defenses, within the meaning of [Rule] 26(b)(1)." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014). The burden then "shifts to the subpoenaed nonparty" (or other party with standing) "who must show that disclosure of the information is protected under Rule 45(d)(3)(A) or (B)." *Id.*

GWG Trucking argues information regarding Dotson's 2020 criminal case is relevant to two potential categories of damages. First, GWG Trucking maintains the criminal case is relevant to any claim for lost earnings because the conviction may have disqualified Dotson from certain jobs and limited his employment prospects. Second, GWG Trucking argues the criminal case is relevant to any claim that Dotson's minor sons, the beneficiaries of his estate, suffered a loss of "love, care, and support," as alleged in the underlying Complaint, ECF No. 1-5 ¶ 7, given that the offense conduct charged in the indictment involved Dotson threatening to kill a former girlfriend and pointing a gun at her and his minor children, *see* ECF No. 10-5. Plaintiffs have not responded to these arguments, nor have they suggested the foregoing categories of damages are not at issue in this case.

As to the first category of damages, the Court agrees Dotson's conviction may be relevant to a defense argument that the conviction would have impacted his earning capacity. *Cf. Conlon v. Trans Nat'l Trucking, LLC*, 506 F. App'x 185, 190 n.3 (3d Cir. 2012) (holding the district court did not abuse its discretion in finding evidence of plaintiff's criminal convictions was inadmissible on the issue of his future earning capacity where defendants "*offered no additional evidence showing what effect the criminal record would likely have on such earnings*" (emphasis added)). But, as noted, GWG Trucking already possesses the publicly available documents regarding the conviction itself. It is difficult to see how non-public materials from the prosecutor's file would be relevant as such materials presumably would not be available to prospective employers. This information may, however, be relevant to the second category of damages identified by GWG Trucking. *See Johnson v. Dobrosky*, 902 A.2d 238, 247-48 (N.J. 2006) (holding that where damages are sought for the loss of a deceased parent's advice, guidance, and counsel, the decedent's bad acts, including criminal convictions, are admissible to the extent they "are relevant to the relationship of a parent and child (e.g., crimes by the parent against the child)," subject to Rule 403). Plaintiffs have provided no argument on this point. The Court therefore finds GWG Trucking has made a sufficient showing of relevance to clear the low threshold of Rule 26(b)(1).

Because GWG Trucking has satisfied its burden to show the subpoenaed records are relevant to the issue of damages, to prevail on their motion to quash, Plaintiffs "must show that disclosure of the information is protected under Rule 45(d)(3)(A) or (B)." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. at 239. Plaintiffs invoke Rule 45(d)(3)(A)(iii), which permits a court to quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *See* ECF No. 1 at 4. Plaintiffs maintain the criminal records GWG Trucking seeks are privileged under "N.J.A.C. 13:59-1 et seq, [which] outlin[es] the regulations

5

and procedures for obtaining and disseminating criminal history record information in New Jersey." *Id.* While Plaintiffs characterize the cited authority as "the New Jersey Criminal History Record Information Act," *id.*, it is instead part of the New Jersey Administrative Code. The Code chapter in question governs dissemination of certain "criminal history record information" from the State Bureau of Investigation. *See* N.J. Admin. Code § 13:59-1.2(a). It is not at all clear the chapter covers records maintained by prosecutors' offices, like those at issue here. But even if such records are covered, the chapter specifically allows disclosure of covered records to "[a]ttorneys-at-law licensed by any state for use in any contested matters docketed in any state or Federal courts." *Id.* § 13:59-1.2(a)(3). The chapter thus cannot be regarded as creating a privilege covering the subpoenaed records. Because Plaintiffs have not satisfied their "burden of establishing that a privilege attaches to the subpoenaed documents," *In re Keebaugh*, No. 19-163, 2019 WL 5802703, at *1 (E.D. Pa. Nov. 6, 2019) (citation omitted), the motion to quash will be denied.

      An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.